IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

LARRY CORNELL GRAY,
    Plaintiff,

vs.                                           Case No: 3:09cv324/LC/MD

JUDGE PATRICIA KINSEY,
    Defendant.
_____

## ORDER and
## REPORT AND RECOMMENDATION

    Plaintiff, proceeding *pro se*, has filed a civil rights complaint under 42 U.S.C. § 1983 (doc. 1) and a motion for leave to proceed *in forma pauperis* (doc. 2). Good cause having been shown, leave to proceed *in forma pauperis* will be granted. Upon review of the complaint, the court concludes that plaintiff has not presented an actionable claim, and that dismissal of this case is warranted.

    Since plaintiff is proceeding *in forma pauperis*, the court must review his complaint to determine if it is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The court must read plaintiff's *pro se* allegations in a liberal fashion. *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6). *Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997). In determining whether the complaint states a claim upon which relief may be granted, the court accepts all the factual allegations in the complaint as true and evaluates all inferences derived from those facts in the light most favorable to the plaintiff. *Hunnings v. Texaco, Inc.*, 29 F.3d

1480, 1483 (11th Cir. 1994). The complaint may be dismissed if the facts as pleaded do not state a claim to relief that is plausible on its face. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1968-69, 1974, 167 L.Ed.2d 929 (2007) (retiring the negatively-glossed "no set of facts" language previously used to describe the motion to dismiss standard and determining that because plaintiffs had "not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed" for failure to state a claim). A complaint is also subject to dismissal under Rule 12(b)(6) when its allegations--on their face--show that an affirmative defense bars recovery on the claim. *Marsh v. Butler County, Ala.*, 268 F.3d 1014, 1022 (11th Cir. 2001).

This case stems from plaintiff's conviction of a traffic infraction. Plaintiff received a traffic citation for improperly stopping his vehicle. On July 24, 2009, plaintiff appeared in county court for his traffic hearing before defendant Escambia County Court Judge Patricia Kinsey. At the hearing, the police officer who cited plaintiff testified. Plaintiff attempted to impeach the officer's testimony with a copy of the probable cause report filed by the officer. Plaintiff then testified as to his version of events. Judge Kinsey found plaintiff guilty, adjudicated him guilty of the infraction, and imposed a civil fine. Plaintiff filed this § 1983 action 11 days after his conviction, asserting that the conviction violates the Due Process Clause of the United States Constitution, because "Judge Patric[i]a Kinsey totally ignored Mr. Gray's testimony and the und[i]sputed evidence, meaning the probable cause report which is of official record. The Officer Frank Clanton made false statement after false statement, changing his testimony under oath over and over again. He did this right in front of the Judge and Judge Kinsey totally ingnored [sic] it." (Doc. 1, p. 7). As relief, plaintiff seeks "reversal" of his conviction, restoration of his "perfect driving record," and the dismissal of all fines. (*Id.*, p. 8).

Upon careful consideration, the court concludes that plaintiff's claims are barred by the favorable-termination rule set forth in *Heck v. Humphrey*, 512 U.S. 477,

114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). In *Heck*, a prisoner serving a 15-year sentence for manslaughter filed a § 1983 action against county prosecutors and a state police investigator alleging that his conviction violated his constitutional rights. The complaint sought monetary damages, but did not request injunctive relief. The Supreme Court affirmed dismissal of the action, holding that:

> [T]o recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether the judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

*Id*. at 486-87, 114 S.Ct. 2364. Although all nine Justices agreed with the pronouncement of a "favorable-termination" prerequisite to filing a § 1983 action that might challenge an outstanding conviction or sentence, the Justices split with regard to not only the rationale underlying the Court's conclusion, but also the reach of such a requirement. Justice Scalia, joined by four other Justices, wrote the majority opinion. He based his analysis on a comparison of the common law principles behind the tort of malicious prosecution. *Id*. at 484-86, 114 S.Ct. 2364. Under the common law, as part of a *prima facie* case of malicious prosecution, a plaintiff was required to allege and prove that the termination of the prior criminal proceeding had been resolved in favor of the accused as part of their *prima facie* case. *Id*. at 484, 114

S.Ct. 2364. The favorable termination requirement developed in the common law tort because it prevented criminal defendants from collaterally attacking their sentences. *Id*. at 484-85, 114 S.Ct. 2364. Justice Scalia stated:

> This requirement "avoids parallel litigation over the issues of probable cause and guilt . . . and it precludes the possibility of the claimant [sic] succeeding in the tort action after having been convicted in the underlying criminal prosecution, in contravention of a strong judicial policy against the creation of two conflicting resolutions arising out of the same or identical transaction."

*Id*. at 484, 114 S.Ct. 2364 (quoting 8 S. SPEISER, C. KARUSE, AND A. GANS, American Law of Torts, § 28:5, p. 24 (1991)). Accordingly, Justice Scalia concluded that the "hoary principle that civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments applies to § 1983 damages actions that necessarily require the plaintiff to prove the unlawfulness of his conviction or confinement, just as it has always applied to actions for malicious prosecution." *Id*. at 486, 114 S.Ct. 2364. Justice Scalia reasoned that, "'Congress has determined that habeas corpus is the appropriate remedy for state prisoners attacking the validity of the fact or length of their confinement, and that specific determination must override the general terms of § 1983.'" *Id.*, at 482 (quoting *Preiser v. Rodriquez*, 411 U.S. 475, 490, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973)).

Justice Souter wrote a concurring opinion, in which he was joined by three other Justices. *Id.* at 491-503, 114 S.Ct. 2364 (Souter, J., concurring). In that opinion, he did not object to the majority's reference to the common law and the tort of malicious prosecution; however, he opined that the same result could have been reached by simply applying the principles set forth in *Preiser* to § 1983 claims for damages. *Id.*, at 492. Noting that an award of damages against state officials for unlawful confinement would, "practically, compel the State to release the prisoner," *id.*, at 497, Justice Souter agreed that, regardless of the type of relief sought, allowing a state prisoner to challenge his conviction or sentence under § 1983,

"'would wholly frustrate explicit congressional intent' as declared in the habeas exhaustion requirement." *Id.,* at 497 (quoting *Preiser,* 411 U.S. at 489, 93 S.Ct. 1827).

Justice Souter sought to limit the holding in *Heck* to individuals who have access to federal habeas review of their state convictions. *Id.* at 499-503, 114 S.Ct. 2364 (Souter, J., concurring). He explained that because petitioners may only obtain habeas relief if they are "in custody," persons "who were merely fined, for example, or who have completed short terms of imprisonment, probation, or parole" are prohibited from brining habeas actions. *Id.,* at 500. Therefore, the favorable-termination requirement would deny those individuals any federal forum in which to pursue a claim of deprivation of federal rights. According to Justice Souter, reading § 1983 to exclude such claims from federal court would be in contravention to the broad purpose and history of § 1983. *Id.* at 501, 114 S.Ct. 2364. Thus, with respect to § 1983 challenges to state convictions in the federal courts, Justice Souter drew a line between those in custody, who have access to a federal forum via habeas corpus, and those not in custody, who only have access to a federal forum via § 1983. *Id.* at 503, 114 S.Ct. 2364. Justice Souter opined that in the latter case, the habeas corpus statute and § 1983 did not intersect, and therefore, the more general of language of § 1983, which clearly allowed a claim to be brought, controlled. *Id.* at 502-03, 114 S.Ct. 2364. This view, however, was not the opinion of the majority of the Court.

In a footnote to the opinion of the Court, Justice Scalia directly responded to Justice Souther's concurrence, noting that "the principle barring collateral attacks -- a longstanding and deeply rooted feature of both the common law and our own jurisprudence -- is not rendered inapplicable by the fortuity that a convicted criminal is no longer incarcerated." *Heck,* 512 U.S. at 490 n. 10. Thus, despite the debate inspired by Justice Souter's concurrence, the majority opinion in *Heck* does not distinguish between prisoners in custody and those who are not, and indeed, the

dicta in Justice Scalia's opinion can be construed as implicitly rejecting just such a distinction. *See id.*

The tension between *Heck*'s majority opinion and Justice Souter's concurrence appeared again in *Spencer v. Kemna*, 523 U.S. 1, 118 S.Ct. 978, 140 L.Ed.2d 43 (1998), albeit indirectly. In *Spencer*, a state inmate sought to invalidate his parole revocation. He sought relief in state court, and then filed a federal habeas petition. *Id.*, 523 U.S. at 5-6. Before the district court ruled on the petition, the inmate's sentenced expired. The Supreme Court, in an opinion authored by Justice Scalia, held that the expiration of the inmate's sentence mooted the petition because the petition no longer presented an Article III case or controversy. *Id.* at 18. The issue of *Heck*'s favorable termination requirement arose because Spencer argued that he would be unable to satisfy *Heck*'s favorable termination requirement if his petition were declared moot. Justice Scalia rejected this argument as "a great non sequitur, unless one believes (as we do not) that a § 1983 action for damages must always be available." *Id.* at 17.

Justice Souter in a concurring opinion expressed the view that *Heck* does not apply when the plaintiff is not in custody and habeas relief is unavailable, because the favorable termination requirement set forth in *Heck* was simply a "way to avoid collisions at the intersection of habeas and § 1983. . . ." *Id.,* at 20, 118 S.Ct. 978 (Souter, J., concurring, joined by O'Connor, Ginsburg, and Breyer, JJ). Specifically, he stated:

> [W]e are forced to recognize that any application of [*Heck*'s] favorable-termination requirement to § 1983 suits brought by plaintiffs not in custody would produce a patent anomaly: a given claim for relief from unconstitutional injury would be placed beyond the scope of § 1983 if brought by a convict free of custody (as, in this case, following service of a full term of imprisonment), when exactly the same claim could be redressed if brought by a former prisoner who had succeeded in cutting his custody short through habeas. The better view, then, is that a former prisoner, no longer "in custody," may bring a § 1983 action establishing the unconstitutionality of a conviction or confinement without being bound to satisfy a favorable-termination

>   requirement that it would be impossible as a matter of law for him to satisfy. Thus, the answer to [the petitioner's] argument that his habeas claim cannot be moot because *Heck* bars him from relief under § 1983 is that *Heck* has no such effect. After a prisoner's release from custody, the habeas statute and its exhaustion requirement have nothing to do with his right to any relief.

*Id.* at 20-21, 118 S.Ct. 978 (footnote omitted). Justice Stevens in his dissent, agreed with Justice Souter on this point, stating that "[g]iven the Court's holding that petitioner does not have a remedy under the habeas statute, it is perfectly clear, as Justice Souter explains, that he may bring an action under § 1983." *Id.* at 25 n. 8 (Stevens, J., dissenting).

Since *Spencer*, lower federal courts have grappled with defining the contours of the favorable-termination requirement with regard to § 1983 plaintiffs who cannot access a federal forum via habeas corpus. The recent opinion of District Judge James Cohn in *Domotor v. Wennet*, --- F.Supp.2d ---, 2009 WL 1885614 (S.D. Fla. June 30, 2009), *appeal docketed*, No. 09-13873 (11th Cir. July 27, 2009), provides an in-depth and comprehensive analysis of the legal landscape surrounding the *Heck* decision. As explained in *Domotor*, at least five circuit courts (the Second, Fourth, Sixth, Seventh and Ninth Circuits) have found that the concurring and dissenting opinions in *Spencer* provide "a patchwork plurality" of five Supreme Court Justices allowing a plaintiff to obtain relief under § 1983 when federal habeas corpus is not available to address the alleged constitutional wrongs. *Domotor v. Wennet*, *supra*, at *7 (internal quotation marks omitted); *see id.,* at *8 (citing *Huang v. Johnson*, 251 F.3d 65, 75 (2nd Cir. 2001); *Wilson v. Johnson*, 535 F.3d 262, 268 (4th Cir. 2008); *Powers v. Hamilton County Pub. Defender Comm'n*, 501 F.3d 592, 601 (6th Cir. 2007); *Carr v. O'Leary*, 167 F.3d 1124, 1127 (7th Cir. 1999); *Nonnette v. Small*, 316 F.3d 872, 877 n. 5 (9th Cir. 2002)). On the other hand, four circuits (the First, Third, Fifth and Eighth Circuits) have decided that despite the view expressed by the plurality in *Spencer*, *Spencer* did not overrule *Heck*, *Heck* directly controls the issue, and a § 1983 plaintiff not in custody within the meaning of the habeas statute or whose

habeas action has been mooted by expiration of his sentence remains prohibited from bringing a claim for damages under § 1983 unless he satisfies the favorable-termination requirement. *Id*. at *7 (citing *Figueroa v. Rivera*, 147 F.3d 77, 81 n. 3 (1st Cir. 1998); *Gilles v. Davis*, 427 F.3d 197, 209-10 (3rd Cir. 2005); *Randell v. Johnson*, 227 F.3d 300, 301-02 (5th Cir. 2000); *Entzi v. Redmann*, 485 F.3d 998, 1003 (8th Cir. 2007)).

The Eleventh Circuit has not explicitly decided whether *Heck* bars § 1983 suits by plaintiffs who are not in custody and thus for whom federal habeas relief is not available. In dicta and unpublished opinions, the court has expressed mixed views on the subject.

In *Abusaid v. Hillsborough County Bd. of County Comm'rs*, 405 F.3d 1293,(11th Cir. 2005), the owner of a dance hall brought a § 1983 action to recover for the injury to his business from the county's enforcement of an allegedly unconstitutional dance hall ordinance. He sought damages, declaratory relief, and prospective injunctive relief. The Eleventh Circuit, in an opinion by Judge Marcus, reversed the trial court's dismissal on Eleventh Amendment immunity grounds. In dicta contained in a footnote, the court observed that it had raised *sua sponte* the issue of whether the doctrine of *Heck* barred any or all of the plaintiff's claims, and that it had requested briefs from the parties on the issue. Noting that the Eleventh Circuit "has not yet weighed in" on the issue of "whether *Heck* bars § 1983 suits by plaintiffs who are not in custody and thus for whom habeas relief is not available," the court ultimately declined to decide the issue, citing several fact-intensive questions that needed to be resolved by the district court. *Id.* at 1315 n. 9. The court went on to provide a brief review of the relevant Supreme Court precedent, suggesting that if the district court found that "habeas relief is not available" to the plaintiff, "he may be entitled to bring a § 1983 suit." *Id*. at 1315 n. 9. It then noted that if the district court found that certain claims necessarily implied the invalidity

of the plaintiff's conviction or sentence, those claims "may be *Heck*-barred" except to the extent plaintiff sought prospective injunctive relief. *Id*.

One month later, in an unpublished per curiam decision, the Eleventh Circuit addressed a situation almost identical to the one here. In *Koger v. Florida*, 130 Fed. Appx. 327 (11th Cir. May 3, 2005), a motorist convicted of a noncriminal traffic infraction resulting in a civil fine brought a § 1983 action against the governor, the traffic court hearing officer, and the head of Broward County's Traffic Division, asserting constitutional claims of malicious prosecution and denial of his right to a speedy trial. *Id*. at 329-30. As relief, he sought damages, a declaration that defendants denied him his civil rights, and an injunction "commanding defendants to stop and cease their activity." *Id.* at 330. The Eleventh Circuit held that a judgment in the plaintiff's favor would necessarily imply the invalidity of his conviction or his sentence and, since he had not obtained a favorable termination of his conviction, his claims were barred by *Heck*. *Id.* at 333.[1]

One month after *Koger*, the Eleventh Circuit in another unpublished per curiam decision, *Vickers v. Donahue*, 137 Fed. Appx. 285 (11th Cir. June 28, 2005), held that a plaintiff's § 1983 false arrest claim against probation officers arising out of his arrest for violation of his probation conditions was barred by *Heck*, because the violation resulted in the plaintiff's probation being revoked, and the plantiff's success on the false arrest claim would inevitably undermine the revocation order. *Id*. at 289-90. The court noted at the outset that it was undisputed that the plaintiff would be unable to pursue a federal habeas petition because he was no longer in custody. *Id.*, at 288. After recognizing that the Eleventh Circuit "ha[s] not explicitly ruled on whether a plaintiff who has no federal habeas remedy available to him may proceed under § 1983 despite the fact that success on the merits would undermine the validity of [a conviction]," the court declined to decide the issue, "because it is

---

[1]Unpublished opinions of the Eleventh Circuit "are not considered binding precedent, but they may be cited as persuasive authority." 11TH CIR. R. 36-2; *accord Poole v. Rich*, 312 Fed. Appx. 165, 168 n. 4 (11th Cir. 2008).

unnecessary to the outcome of [the plaintiff's] case." *Id*. at 289. The court went on to hold that the plaintiff's claim was controlled by *Heck*'s favorable-termination requirement for two reasons: (1) the plaintiff was not without a remedy to seek post-revocation relief in that he could have appealed the parole revocation order and, had he prevailed, his § 1983 claims would not be barred by *Heck*; (2) the plaintiff's claim would necessarily imply the invalidity of the order of revocation (i.e., the probation violation conviction) and nine-month sentence he received without the plaintiff first having had a "favorable termination" as required under *Heck*. *Id.* at 289-90. The Eleventh Circuit distinguished the cases from the Second, Seventh and Ninth Circuits (i.e., *Huang, supra*, *Carr, supra*, and *Nonnette, supra*) which permitted §1983 claims to proceed where no federal habeas relief was available, on the grounds that those cases involved the revocation or denial of good-time credits and not a situation where a conviction itself was called into question. *Id.* at 290. To the contrary, Mr. Vickers' § 1983 claim would "directly undercut[ ] a signed court order" that resulted in a parole violation conviction and sentence. *Id.*

In *McClish v. Nugent*, 483 F.3d 1231 (11th Cir. 2007), the Eleventh Circuit, in another opinion by Judge Marcus, discussed *Heck* again. In *McClish*, two plaintiffs brought § 1983 claims against deputies arising out of their arrest. The charges against both plaintiffs were ultimately dismissed, although the dismissal of plaintiff Holmberg's charge came only after he participated in a pretrial intervention program ("PTI"). *Id.*, at 1236. The district court determined that *Heck* barred plaintiff Holmberg from bringing a § 1983 claim because his participation in PTI, which resulted in a dismissal of the charge, was not a termination in his favor. The Eleventh Circuit held that *Heck* was inapposite, because Holmberg was never convicted of any crime. *Id.* at 1251-52. Judge Marcus went on to note in dicta:

> Even if we were to assume that *Heck* somehow applies to this case, Holmberg correctly cites to *Abusaid v. Hillsborough County Board of County Commissioners*, 405 F.3d 1298 (11th Cir. 2005), for the proposition that the Supreme Court has apparently receded from the idea that *Heck*'s favorable-termination requirement also applies to

> non-incarcerated individuals.  In *Abusai*d, we addressed the Court's holding in *Spencer v. Kemna*, 523 U.S. 1, 118 S.Ct. 978, 140 L.Ed.2d 43 (1998), and noted, in dicta, that Spencer indicated that a majority of the Court had "expressed the view that § 1983 claims are barred only when the alternative remedy of habeas relief is available." *Abusaid*, 405 F.3d at 1316 n. 9 (citing the Spencer concurrence of Justice Souter, joined by Justices O'Connor, Ginsburg, and Breyer, along with the dissent of Justice Stevens).
>
> The logic of our reasoning in *Abusaid*, although dicta, is clear: If *Heck* only bars § 1983 claims when the alternative remedy of habeas corpus is available, then *Heck* has no application to Holmberg's claim. Holmberg was never in custody at all, and the remedy of habeas corpus is not currently available to him.

*Id.*, at 1252 n. 19.

Finally and most recently, the Eleventh Circuit in another unpublished per curiam decision, *Christy v. Sheriff of Palm Beach County, Florida*, No. 07-11912, 2008 WL 3059718 (11th Cir. Aug. 5, 2008), rejected a plaintiff's argument that *Heck* was inapplicable to his claims "because he has no habeas remedy remaining." *Christy*, at *7.  In *Christy*, the plaintiff brought a § 1983 action claiming, among other things, that a former deputy sheriff entered into an unlawful racketeering enterprise with a confidential informant that led to plaintiff's arrest, and that the former deputy embellished and falsified information on the arrest report.  *Id.* at *2-3.  The Eleventh Circuit affirmed the dismissal of these claims as barred by *Heck*, "because if [plaintiff] prevailed on these two claims, it would necessarily imply the invalidity of his 1985 conviction."  *Id.* at *7.  The court rejected the plaintiff's argument that his § 1983 action "must be allowed to proceed because habeas relief is unavailable," *id.* at 8, explaining that "we have expressly declined to consider that issue where the § 1983 action is otherwise barred under *Heck*."  *Id.* at *8 (citing *Vickers, supra*).  The court cited to *Abusaid* as additional source material supporting that proposition, explaining that *Abusaid* "not[ed] the issue but allow[ed] the district court to address it first."  *Christy*, at *8.

At the district court level, in the *Domotor* opinion discussed previously, the district court dismissed the plaintiff's § 1983 claims for failure to satisfy *Heck*'s favorable-termination requirement. The court stated:

> *Heck* squarely applies to the facts of this case. First, Plaintiff's § 1983 claims directly "imply the invalidity" of Plaintiff's convictions. *Vickers*, 137 Fed. App'x. at 289-90; *see also Christy*, 2008 WL 3059718 at *7. Indeed, Plaintiff expressly asks the Court to "remove any and all criminal charges" arising from the convictions at issue. Moreover, the basis of Plaintiff's claims is that the judges, prosecutors and even Public defenders involved in Plaintiff's convictions were biased against the Plaintiff. "A criminal defendant tried by a partial judge is entitled to have his conviction set aside, no matter how strong the evidence against him." *Edwards v. Balisok*, 520 U.S. 641, 647, 117 S.Ct. 1584, 137 L.Ed.2d 906 (1997) (citing *Tumey v. Ohio*, 273 U.S. 510, 535, 47 S.Ct. 437, 71 L.Ed. 749 (1927); *Arizona v. Fulminante*, 499 U.S. 279, 308, 111 S.Ct. 1246, 113 L.Ed.2d 302 (1991)). In *Edwards*, the Supreme Court held that "respondent's claim for declaratory relief and money damages, based on allegations of deceit and bias on the part of the decisionmaker that necessarily imply the invalidity of the punishment imposed, is not cognizable under § 1983." *Edwards*, 520 U.S. at 648.FN7
>
> Second, it is undisputed that Plaintiff cannot, at this point, meet *Heck*'s favorable-termination requirement. Although Plaintiff is no longer incarcerated and likely unable to bring a habeas action, this Court holds that *Heck*'s favorable-termination requirement bars Plaintiff from bringing the § 1983 claims alleged in the Amended Complaint. *See Vickers*, 137 Fed. App'x. at 289-90; *Baker* [*v. City of Hollywood*, No. 08-60294, 2008 WL 2474665 (S.D. Fla. June 17, 2008)], at *7. This Court agrees with Judge Huck's reasoning in *Baker* that "even though a habeas corpus action is currently unavailable to Plaintiff here, [she] was not without an avenue to seek relief from [her] conviction." *Baker*, 2008 WL 2474665 at *7.

*Domotor v. Wennet*, --- F.Supp.2d ---, WL 1885614, *11 -12 (S.D. Fla. June 30, 2009) (citations to record and footnotes omitted).

Turning to the instant case, the court concludes that plaintiff's § 1983 claims are barred by *Heck*. This case involves plaintiff's traffic conviction that resulted in a fine. *See Koger*, 130 Fed. Appx. at 332-33 (considering motorist's adjudication of

guilt of noncriminal traffic infraction a conviction for purposes of *Heck*).[2] Plaintiff essentially alleges that there was insufficient evidence to support his conviction (or that the weight of the evidence mandated an acquittal). Were this court to make a determination in plaintiff's favor, it would necessarily imply the invalidity of his conviction. Indeed, plaintiff expressly asks the court to: require Judge Kinsey to "reverse her decission [sic];" "restore Mr. Gray's perfect driving record;" and "dismiss all fines." (Doc. 1, p. 8).

It is apparent from the nature of the relief plaintiff seeks, as well as the mere 11-day interval between plaintiff's conviction and the filing of this lawsuit, that plaintiff has not obtained an invalidation of his traffic conviction. Despite the unavailability of federal habeas relief, the plaintiff is not without a remedy to seek relief from his conviction through appeal of the traffic conviction. *See* Fla. Stat. § 318.16(1) (2008) ("If a person is found to have committed an infraction by the hearing official, he or she may appeal that finding to the circuit court."); Florida Rules of Traffic Court 6.630(e) ("Appeals from decisions of a traffic hearing officer shall be to circuit court pursuant to the relevant provisions of the Florida Rules of Appellate Procedure in the same manner as appeals from the county court. . . ."); Fla. R. App. P. 9.030(c)(1)(A) (providing that circuit courts have appeal jurisdiction to review final orders of lower tribunals); *Nettleton v. Doughtie*, 373 So.2d 667, 668 (Fla. 1979) (explaining appeal process for noncriminal traffic proceedings); *see, e.g., Hessel v. State*, 525 So.2d 512 (Fla. 4th DCA 1988) (granting certiorari and quashing the circuit court's order affirming a traffic conviction after concluding that the evidence was legally insufficient to sustain the conviction). Plaintiff is attempting to substitute this civil rights action for such an appeal. To allow plaintiff to circumvent applicable state procedures and proceed directly to federal court to collaterally attack his conviction through § 1983 would undermine the basis of *Heck*'s favorable-termination requirement.

---

[2]*See also* Florida Rules of Traffic Court 6.560: "An admission or determination that a defendant has committed a traffic infraction shall constitute a conviction as that term is used in chapter 322, Florida Statutes, and section 943.25, Florida Statutes. . . ."

Based on the foregoing, the court concludes that plaintiff's claims should be dismissed for failure to state a claim upon which relief maybe granted because plaintiff has not satisfied *Heck*'s favorable-termination requirement. Such dismissal should be without prejudice to plaintiff re-filing the claim in the event he obtains an invalidation of his traffic conviction.

Accordingly, it is ORDERED:

Plaintiff's motion to proceed *in forma pauperis* (doc. 2) is GRANTED.

And it is respectfully RECOMMENDED:

That this cause be DISMISSED WITHOUT PREJUDICE under 28 U.S.C. § 1915(e)(2)(B)(ii), and the clerk be directed to close the file.

At Pensacola, Florida this 25th day of August, 2009.

/s/ *Miles Davis*
**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy hereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control</u>. A copy of any objections shall be served upon any other parties. Failure to object may limit the scope of appellate review of factual findings.** *See* **28 U.S.C. § 636;** *United States v. Roberts*, **858 F.2d 698, 701 (11th Cir. 1988).**